UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DON RICO STEWART,

               Plaintiff,

   v.

SANTANDER CONSUMER USA
INC.,

           Defendant.

CIVIL ACTION NO.
1:18-CV-05310-JPB

## ORDER

This matter is before the Court on Santander Consumer USA Inc.'s ("Defendant") Motion for Summary Judgment [Doc. 96].  This Court finds as follows:

## PROCEDURAL HISTORY

Don Rico Stewart ("Plaintiff"), proceeding *pro se,* filed this action against Defendant on September 14, 2018, in the State Court of Fulton County.  [Doc. 1-1].  On November 19, 2018, Defendant removed the action to this Court.  [Doc. 1].  After almost a year, Defendant filed its first Motion for Summary Judgment on October 11, 2019.  Even though the motion was titled Motion for Summary Judgment, Defendant moved for both summary judgment under Federal Rule of

Civil Procedure 56 and dismissal under Federal Rule of Civil Procedure 12.  [Doc. 54].  In ruling on the motion, this Court did not address the merits because Plaintiff's Complaint was an impermissible shotgun pleading.  [Doc. 75].  Plaintiff was thus ordered to replead his Complaint.  Id.

Plaintiff filed a Consolidated Amended Complaint on June 23, 2020, wherein he asserted the following causes of action:  (1) breach of contract; and (2) willful violation of the Fair Credit Reporting Act ("FCRA").  [Doc. 78].  On March 29, 2021, Defendant filed another Motion for Summary Judgment.  [Doc. 96]. Plaintiff's response was originally due on April 19, 2021.  Plaintiff, however, requested several extensions of the deadline, which were granted.  Plaintiff eventually filed his response on May 13, 2021, and May 14, 2021.  [Docs. 104-107].  Thereafter, on May 21, 2021, Plaintiff filed what the Clerk construed as a Motion to Add Supplemental Attachments to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.  [Doc. 110].  Without explaining the relevance of these documents, the reasons for filing them late or directing the Court to the portions of the documents that Plaintiff wants the Court to consider, Plaintiff seeks to add an additional 188 pages to the record which include his entire deposition [Doc. 110-1], his affidavit [Doc. 110-2], his affidavit attachments [Doc. 110-3] and an assortment of other documents [Doc. 110-4].  Given that Plaintiff

failed to timely file the documents with his response or direct the Court to the specific portions of the documents he wants the Court to consider, Plaintiff's Motion to Add Supplemental Attachments [Doc. 110] is **DENIED**.  Defendant's Motion for Summary Judgment is now ripe for review.

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts [Doc. 96-1], Plaintiff's Response to Defendant's Statement of Undisputed Material Facts [Doc. 106], Plaintiff's Statement of Undisputed Material Facts [Doc. 107] and Defendant's Response to Plaintiff's Statement of Undisputed Material Facts [Doc. 112].  The Court also conducted its own review of the record.

The Local Rules of this Court require a respondent to a summary judgment motion to include with its responsive brief "a response to the movant's statement of undisputed facts."  LR 56.1(B)(2)(a), NDGa.  The Local Rules make clear that the Court

> will deem each of the movant's facts as admitted unless the respondent:  (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.  Similarly,

> if respondent provides a statement of additional material facts, then, within the time allowed for filing a reply, the movant shall file a response to each of the respondent's facts.  The range of acceptable responses is limited to:  (a) an objection to the admissibility of the evidence upon which the respondent relies, (b) an objection pointing out that the respondent's evidence does not support the respondent's fact[,] (c) an objection on the ground that the respondent's fact is not material or does not otherwise comply with the provisions set out in LR 56.1(B)(1), and (d) a concession that the Court can properly consider the respondent's evidence for purposes of the summary judgment motion.

LR 56.1(B)(3), NDGa.

Although Plaintiff responded to Defendant's Statement of Undisputed Material Facts, he failed to comply with the Local Rules.  For instance, on facts that he disputed, Plaintiff did not directly refute the fact with concise responses supported by specific citations to evidence.  Instead, Plaintiff merely says "Disputed Attachment."  [Doc. 106, p. 10].  It is unclear where Plaintiff is trying to direct the Court.  Those facts are thus deemed admitted.  Moreover, in accordance with the Local Rules, this Court will not consider unsupported facts or facts that Plaintiff raises solely in his brief.  The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On May 3, 2012, Plaintiff purchased a used 2007 BMW 3 Series from 1st Financial Services & Auto Sales.  [Doc. 96-1, p. 1].  To finance the purchase of the

vehicle, Plaintiff entered into a Retail Installment Contract and Security Agreement (the "Contract") with Defendant in the original principal amount of $14,625.00 plus finance charges.  Id. at 2.  Pursuant to the terms of the Contract, Plaintiff was required to make monthly installment payments in the amount of $468.66 beginning on June 3, 2012.  Id.  In addition to monthly payments, the Contract also required Plaintiff to:  (1) keep the vehicle in his possession and in good condition and repair; and (2) notify Defendant with reasonable promptness of any loss or damage to the vehicle.  Id. at 3.

The Contract defined instances of default and identified the remedies available when default occurs.  Id.  More particularly, default occurred upon the failure to perform any obligation undertaken in the contract.  Id.  In instances of default, Defendant was authorized to:  (1) require Plaintiff to immediately pay the remaining balance of the amount financed; (2) pay taxes, assessments or liens or make repairs to the vehicle if Plaintiff had not done so; (3) take possession of the vehicle; and (4) sell the vehicle.  Id. at 3-4.

On May 25, 2012, Plaintiff wrecked the 2007 BMW but did not notify Defendant.  [Doc. 105, p. 2].  After the accident, Plaintiff had the car towed to United BMW for repairs.  Id.  The vehicle was therefore not in Plaintiff's possession.  Thereafter, on July 25, 2012, Plaintiff had the car towed to a different

repair shop—Auto Star Collision Center ("ASC").  Id.  According to Plaintiff, he gave Ramon, who worked for ASC, a $1,000.00 deposit to perform work on the 2007 BMW.  Id.  It is undisputed that during this time, Plaintiff never notified Defendant that the car had been wrecked and was not in his possession.

Although Plaintiff did not have possession of the subject vehicle beginning as early as May 25, 2012, he made payments pursuant to the Contract in June and July 2012.  [Doc. 106, p. 6].  No payment was made in August, however.  [Doc. 96-1, p. 4].  On August 20, 2012, Ramon called Defendant and told Defendant that the 2007 BMW had been stored for three months following an accident and that repairs had been completed.  Id.  After receiving the call from Ramon, Defendant determined that Plaintiff defaulted on his loan obligations and duties in the Contract.  Id. at 6.  To resolve any potential lien, Defendant agreed to pay ASC $5,861.10 for the costs of repair and storage.  Id.  Then, on September 3, 2012, Defendant processed Plaintiff's loan for repossession, and on September 14, 2012, Defendant's agent recovered the vehicle from ASC for a total cost of $6,161.10. Id.  On that same day, Defendant sent Plaintiff a "Notice of Our Plan to Sell Property" which informed Plaintiff that the vehicle would be sold after September 27, 2012, if Plaintiff did not pay the required amount to redeem the vehicle.  Id. Because Plaintiff failed to redeem the vehicle, Defendant sold the car via auction

on October 18, 2012.  Id. at 7.  Thereafter, Defendant sent Plaintiff an

"Explanation of Surplus or Deficiency" informing Plaintiff that he had a balance

due.  Id.  The balance was not paid, and on June 13, 2015, Defendant sold the

deficiency account to a third-party.  Id.

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  A material fact is

any fact that "is a legal element of the claim under the applicable substantive law

which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d

642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party."  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue

before the court on a motion for summary judgment is 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at

646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper.  Id. However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## B. Breach of Contract

Defendant argues that it is entitled to summary judgment as to Plaintiff's breach of contract claim.  Under Georgia law, the essential elements of a breach of contract claim are as follows:  (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.  Shuler v. Bank of Am., N.A., No. 4:12-CV-0313, 2016 WL 5339352, at *10 (N.D. Ga. Jan. 27, 2016).  Importantly, a plaintiff

who asserts a breach of contract claim must identify a particular contract provision that the defendant allegedly violated.  Id.

Defendant argues that it is undisputed that it did not breach the Contract.  In Plaintiff's response to Defendant's Motion for Summary Judgment, Plaintiff seems to argue that Defendant breached the Contract when it failed to verify the claim of ASC—the repair shop that stored and repaired the vehicle.  After thorough review of the record, this Court finds that Plaintiff failed to present any evidence which would create a genuine issue of material fact.  Here, the uncontroverted evidence shows that Plaintiff failed to fulfill his obligations under the Contract.  First, Plaintiff failed to make his monthly payments in August and September 2012.  Second, Plaintiff wrecked his car in May 2012, and failed to report the damage to Defendant with reasonable promptness.  Plaintiff also failed to report that the vehicle was no longer in his possession.  Because Plaintiff defaulted on his contractual obligations, Defendant was authorized to take several different measures, including paying ASC for the repair, repossessing the vehicle and selling it.  Ultimately, because Plaintiff cannot and does not identify any specific provision in the Contract that was purportedly breached, Defendant is entitled to summary judgment as to Plaintiff's breach of contract claim.

## C. Fair Credit Reporting Act

Plaintiff contends that Defendant violated the FCRA.  The FCRA is a consumer protection act that imposes certain duties on credit reporting agencies and "furnishers of information" to credit reporting agencies.  Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018).  Furnishers of information, like Defendant, are required to:  (1) report accurate information to credit reporting agencies regarding consumers; and (2) conduct an investigation after receiving notice from a credit reporting agency of a dispute lodged by a consumer regarding information provided by a furnisher.  Id.  Significantly, "[c]onsumers have no private right of action against furnishers for reporting inaccurate information to [credit reporting agencies] regarding consumer accounts."  Id.  In fact, the only private right of action consumers have against furnishers is for a violation of 15 U.S.C. § 1681s-2(b), which requires furnishers to investigate following notice of a dispute.  Id.

Defendant contends that the undisputed evidence shows that it complied with its obligations under the FCRA, thus requiring entry of summary judgment. Although Plaintiff's response is hard to follow, Plaintiff seems to argue that summary judgment is inappropriate because his credit was damaged when Defendant erroneously repossessed his car and falsely reported to Trans Union that

Plaintiff's loan was in "charge-off/collections." [Doc. 104, p. 6]. Plaintiff's argument fails. First, as explained in the rule above, no private right of action exists against furnishers for reporting inaccurate information to credit reporting agencies regarding consumer accounts. Thus, even if this Court were to find that Plaintiff submitted evidence that Defendant falsely reported information to Trans Union about Plaintiff's loan, Defendant is entitled to summary judgment because no private right of action exists for supplying inaccurate information.

Second, for Plaintiff to recover under the FCRA, Plaintiff must show that Defendant failed to conduct an investigation after receiving notice of a dispute. Here, Plaintiff has not provided any evidence that Defendant failed to conduct an investigation after receiving notice of a dispute. In fact, the only evidence submitted shows that Plaintiff filed a dispute on October 23, 2018, and that after an investigation, the negative reporting was removed from Plaintiff's credit. At bottom, Plaintiff's assertion that his credit was harmed is not sufficient to recover damages under the FCRA. In this case, Plaintiff needed to show that Defendant failed to conduct an investigation after receiving notice of a dispute from a credit reporting agency. Because the only evidence submitted was that Defendant did conduct an investigation, Defendant is entitled to summary judgment as to Plaintiff's FCRA claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment

[Doc. 96] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 4th day of October, 2021.

_____
**J. P. BOULEE**
United States District Judge